## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Patrick Kerr<br><br>                        Debtor | CHAPTER 13 |
| Deutsche Bank National Trust Company, as<br>Indenture Trustee, for New Century Home Equity<br>Loan Trust 2006-1<br><br>                        Movant<br><br>        vs. | NO. 17-17038 ELF |
| John Patrick Kerr<br><br>                        Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br><br>                        Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,240.54,** which breaks down as follows;

Post-Petition Payments:              November 2017 to May 2018 at $1,177.22/month
**Total Post-Petition Arrears        $8,240.54**

2.      The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on June 1, 2018  and continuing through February 1, 2019 , until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,177.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$915.62 from June 2018 to January 2019 and $915.58** towards the arrearages on or before the last day of each month at the address below;

Carrington Mortgage Services, LLC
Bankrupty Department
P.O. Box 3730
Anaheim, CA 92806

b).      Maintenance of current monthly mortgage payments to the Movant thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    May 9, 2018                    By: */s/ Rebecca A. Solarz, Esquire*
                                        Rebecca A. Solarz, Esquire


Date:_____           /s/ Albert J. Scarafone, Jr.
                                        _____
                                        Albert J. Scarafone, Jr., Esquire
                                        Attorney for Debtor

Date:_____           *Roy Etheridge*
                                        William C. Miller          NO OBJECTION
                                        Chapter 13 Trustee         *without prejudice to any
                                                                   trustee rights or remedies.

### O R D E R

Approved by the Court this __6th__ day of _____June_____, 2018.  However, the court retains discretion regarding entry of any further order.

                                        _____
                                        Bankruptcy Judge
                                        Eric L. Frank